ALBERT WHITTIKA, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE ILLINOIS COAL AND COKE CORPORATION, Defendant in Error.)

*Opinion filed October 28, 1926.*

1. WORKMEN'S COMPENSATION—*what constitutes a refusal to submit to operation.* Where the employee has submitted to one operation and the employer offers to pay for another, which the evidence tends to show will not be dangerous and is the only remedy for recovery, consent of the employee to submit to the second operation on condition that the employer pay him compensation up to the date the offer was made constitutes a refusal to submit to the operation.

2. SAME—*the Industrial Commission must determine question of necessity for operation.* It is the duty of the Industrial Commission to determine whether the employee shall submit to an operation before being entitled to further compensation where the question is raised by the offer of the employer, and if the commission determines that an operation is reasonably essential to a recovery and the employee refuses to submit to it, the employer should not be required to pay further compensation, and where the commission ignores the question the cause will be remanded for further consideration.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding.

A. W. KERR, and JOSEPH A. LONDRIGAN, for plaintiff in error.

ANDRUS, TRUTTER & CROW, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Albert Whittika was injured on October 7, 1922, while employed in the mine of the Illinois Coal and Coke Corporation. He continued to work until February 27, 1923, when a hernia developed as the result of his injury. The

coal company paid him compensation until May 26, 1923, amounting to $178. Subsequently, on July 28, 1923, Whittika filed with the Industrial Commission an application for the adjustment of his claim for compensation and it was heard by an arbitrator on September 7, 1923. Whittika testified that he had not returned to work; that there was a swelling where he was ruptured; that he did not know whether the hernia had recurred; that it hurt when he attempted to lift; that Dr. Don Deal told him that he could do some gardening, but he replied that he could not. Dr. Deal testified that he operated on Whittika for hernia on February 27, 1923; that the wound was clean, without any infection, and that Whittika had an uneventful recovery. The doctor examined him again on May 26, 1923, when the wound was completely healed and there was no tenderness or evidence of recurrence, although Whittika was afraid to return to work. Dr. Deal expressed the opinion that Whittika at that time was able to work and that his recovery was complete. Dr. G. E. Hill testified that he examined Whittika between the 4th and 20th of April, 1923; that the operation had been successful, the wound was healed, and that in his opinion Whittika was able to resume his work on the 26th of May. The arbitrator on September 7, 1923, awarded Whittika $14 per week for 12-5/7 weeks, the period of temporary total incapacity. The compensation so fixed amounted to $178 and had been paid.

Whittika caused the arbitrator's award to be reviewed by the Industrial Commission. The hearing on review occurred on January 30, 1924. Dr. J. A. Lindquist, called by Whittika, testified that he examined him on October 4, 1923; that under the scar left by the operation he discovered a swelling about the size of a goose egg and thought it was a recurrence of the hernia; that in his opinion Whittika would be unable to work while in that condition and that the only remedy would be a radical operation.

322—24

Dr. J. H. Riffey testified in behalf of Whittika that he examined him on February 1, 1923, again on the first day of June, when there seemed to be a recurrence of the hernia, also on September 8, when the enlargement had increased considerably, and finally in December, when he found the hernia enlarged. In Dr. Riffey's opinion Whittika had been unable to work since the first day of June. Whittika testified that he had not returned to work since his operation and that the hernia continuously grew larger. Dr. Deal testified that he examined Whittika about the first day of October, 1923, and found a general bulging in the right inguinal region; that this condition ought to be supported by an operation or a truss; that he saw Whittika again on December 8, 1923, when the condition had slightly increased; that it was a recurrence of the old hernia, and that Whittika could work with a truss properly fitted. The Industrial Commission confirmed the arbitrator's award. Whittika then caused the record of the proceedings to be reviewed by the circuit court of Sangamon county, and that court on June 30, 1924, reversed the decision of the commission and remanded the cause to the Industrial Commission for further evidence. The hearing before the commission pursuant to the remanding order was fixed for July 31, 1924. The employer at the time requested Whittika to submit to an operation for the hernia and agreed to pay the charges of the surgeon and the hospital and also compensation during any disability resulting from the operation. Whittika assented to such an operation upon condition that compensation be paid him to that date. Nothing further was done and the hearing was then postponed to September 25, 1924. No additional evidence was offered by either party. On November 28, 1924, the commission found that on February 27, 1923, Whittika became completely disabled and was rendered wholly incapable of work. The employer was ordered to pay him $14 per week for 267-6/7 weeks and thereafter a pension of $25 per month during his life.

The record was removed by writ of *certiorari* to the circuit court of Macoupin county, and that court on June 25, 1925, set aside the award made by the commission and found that Whittika was entitled to compensation from February 27, 1923, to July 31, 1924, and that his disability since was the result of his unreasonable refusal to submit to the operation tendered him by his employer. By the circuit court's judgment Whittika was awarded $14 per week for 74 weeks, subject to the credit of $178 already paid. Upon his petition this court granted a writ of error.

Paragraph (*d*) of section 19 of the Workmen's Compensation act provides that if any employee shall refuse to submit to such medical, surgical or hospital treatment as is reasonably essential to promote his recovery, the commission may, in its discretion, reduce or suspend the compensation of any such injured employee. Whittika's assent to an operation upon condition that the defendant in error pay him compensation to July 31, 1924, the day on which the offer to have the operation performed was made, was a refusal of the offer made by the employer. It was the duty of the Industrial Commission to determine whether the employee should submit to the operation and whether it was reasonably essential to promote his recovery, and if the commission determined that an operation was reasonably necessary and the employee refused to submit to it, the employer should not be compelled to pay compensation. (*Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill. 462; *Hafer Washed Coal Co.* v. *Industrial Com.* 293 id. 425.) Whittika's medical witness, Dr. Lindquist, testified that the only cure for his ailment was an operation. There was no suggestion that the operation requested by the employer would be dangerous, either on account of its nature or of Whittika's condition. The evidence shows that the operation was reasonably necessary to effect his recovery. The commission had no right to ignore the question and order the payment of compensation.

The plaintiff in error, however, asserts that the defendant in error has waived the right to raise the question of Whittika's refusal to submit to an operation. The offer was made and refused at the hearing before the commission on July 31, 1924. The commission ignored it, and its act in doing so was not attributable to any fault of the defendant in error. The cause was removed to the circuit court by the defendant in error, and that court set aside the decision of the commission for the reason that Whittika had refused to submit to an operation. There was no waiver of the right to raise the question.

· The judgment of the circuit court is reversed and the cause is remanded to that court, with directions to remand the cause to the commission for further consideration, with leave to the parties to introduce further evidence if they so desire.

*Reversed and remanded, with directions.*