(No. 3740—

ELMER E. HERSMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1943.*

J. P. STREUBER, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

Claimant, Elmer E. Hersman, in his complaint filed in this court on August 4, 1942, alleges that on June 12, 1942, he was employed by the Department of Public Works and Buildings, Division of Highways, of the State of Illinois, and that while lifting concrete tile forming a culvert across Milton Road at Alton, Illinois, he suffered an injury which arose out of and in the course of his employment. Respondent has moved to dismiss the claim on the ground that claimant's injury is a hernia; that respondent has offered claimant such medical and surgical care, by claimant's own physician, as is

necessary for recovery; that claimant has refused to submit to such necessary medical and surgical treatment. The motion is supported by affidavit.

Under Section 6, Sub-section 6, of "An Act to create the Court of Claims and to prescribe its powers and duties," this court has jurisdiction to hear and determine claims for accidental injuries or death suffered in the course of employment by employees of the State. Such determination is to be made "in accordance with the rules prescribed in the Act commonly called the 'Workmen's Compensation Act.' " It is therefore the duty of this court, as it is the duty of the Industrial Commission, to determine in cases of this kind whether an employee shall submit to an operation. If an award has already been entered, the question arises under Section 19(d) of the Workmen's Compensation Act; if an award has not been made, the question arises in the determination of the cause of the alleged disability. If the court finds that an operation is reasonably necessary to effect a recovery, is not dangerous to life or health, has a reasonable certainty of success, involves no extraordinary suffering, and is such as any reasonable man would desire for his own recovery, the employee must either submit to the surgery or be denied the benefits of the Workmen's Compensation Act. *Whittika* vs. *Industrial Commission*, 322 Ill. 368; *Pocahontas Mining Company* vs. *Industrial Commission*, 301 Ill. 462; *Rosenthal & Company* vs. *Industrial Commission*, 295 Ill. 182; *Mt. Olive Coal Company* vs. *Industrial Commission*, 295 Ill. 429; *Joliet Motor Company* vs. *Industrial Commission*, 280 Ill. 148.

An operation for hernia offers claimant the only reasonable prospect of complete recovery; it is not attended with danger to life or health or extraordinary suffering. Recovery from a hernia does not occur in the ordinary process of healing, by allowing nature to take its course, as is the case with many wounds. *Rosenthal & Company* vs. *Industrial Commission*, supra. It is a matter of common knowledge that men generally are desirous of obtaining the relief from injuries of this kind which only surgery can give. Claimant's refusal to submit to an operation is unreasonable and is the cause of his present incapacity. So long as he persists in this refusal, he is not entitled to the benefits of the Workmen's Compensation Act.

Respondent's motion to dismiss is therefore granted.