292 P.2d 93
**Mark O. SEAY, Plaintiff-Appellee,**
**v.**
**LEA COUNTY SAND AND GRAVEL COMPANY**
and
**Houston Fire and Casualty Insurance Company, Defendants-Appellants.**
**No. 5983.**

Supreme Court of New Mexico.
Jan. 4, 1956.

Neal & Girand, Hobbs, for appellants.

Easley, Quinn & Stout, Hobbs, for appellee.

McGHEE, Justice.

The claimant (appellee) received an award following a jury trial for one hundred percent disability for a period of twenty-six weeks and for fifty percent disability thereafter because of a back injury suffered while working for the defendant employer. The employer and insurer appeal.

The first claim of error which the appellants urge is the trial court erred in refusing to give their requested instruction No. 13, which reads:

"Members of the Jury, you are instructed that under the Workmen's Compensation Act of the State of New Mexico you would not be entitled to return a verdict in favor of the plaintiff awarding him disability unless the extent of his disability, if any is shown, and its relation to an accidental injury sustained in the course of his employment is established to your satisfaction by a preponderance of the competent medical evidence that has been introduced in the case."

The extent of disability was established by the expert testimony of orthopedic surgeons and the testimony of claimant himself wherein he detailed his inability to work at his trade of a welder or any other work except such as did not require physical exertion, and also his inability to procure employment in Lea County, where he resided. Some two weeks before the trial he had procured employment as a telephone operator at forty percent of the rate of pay he had received prior to the injury for which compensation was sought.

The appellants make a strong plea for us, in effect, to overrule our holding in Elsea v. Broome Furniture Co., 1943, 47 N.M. 356, 372, 143 P.2d 572, 582, where we said in answer to a like contention:

"* * * After all, medical testimony, as other expert evidence, is intended to aid, but not to conclude, a court or jury.

"The jury is entitled to rely upon rational inferences deductible from the evidence, whether arising from expert testimony or otherwise."

This holding was followed in Lemon v. Morrison-Knudsen Co., 1954, 58 N.M. 830, 277 P.2d 542 (a back injury case) and in Gilbert v. E. B. Law and Son, Inc., 1955, 60 N.M. 101, 287 P.2d 992. We believe the rule of these cases on the subject is sound and we decline to overrule them. Neither do we find fault with the findings in view of the testimony of Dr. Breck, an orthopedic surgeon who according to the testimony has a nation-wide reputation in his specialty, that the claimant was fifty percent disabled for doing heavy work. It is true Dr. Breck testified the claimant was able to handle a welding torch and do welding if he did not have to lift heavy objects or get into awkward positions, and in this he was corroborated by the claimant, but there are no such jobs available, according to the record.

An orthopedic surgeon from Midland, Texas, who for the United States Veterans Administration performed surgery on the back of claimant because of a floating disc and made a fusion of two of the vertebra, stated the claimant had only a ten percent disability and was able to do welding or other heavy work and that it would be beneficial to claimant if he did such work; but it was within the province of the jury to accept or reject his testimony.

The claimant had suffered previous back injuries while serving in the armed forces during World War II, and in private employment. The next claim of error is that the trial court erred in refusing to give appellants' requested instruction No. 14, which reads:

"In your consideration of whether or not plaintiff is suffering from a disability caused by accident arising out of and in the course of his employment and in your consideration of the extent of such disability, if any is shown, the burden is upon the plaintiff to show by a preponderance of the evidence that such disability, if any, is the direct and proximate result of an accidental injury sustained in the course of his employment or is the result of the material aggravation of a pre-existing infirmity as the result of an accidental injury sustained in the course of his employment. You are, therefore, instructed that in considering the award to be made to the plaintiff, if any, you should disregard any pre-existing infirmity of plaintiff, if any, except to the extent that you

may find such pre-existing infirmity has been aggravated and brought to light by an accidental injury sustained in the course of his employment. If you find that there was a pre-existing infirmity and that by reason of an accidental injury sustained in the course of his employment the pre-existing infirmity was materially aggravated and brought to light by an accidental injury sustained in the course of his employment, you may award plaintiff that portion of his disability, if any, which is caused by such material aggravation of the pre-existing infirmity, if any is shown, but may not award in excess of the percentage due to such aggravation of any pre-existing infirmity you may find to exist."

In lieu of the foregoing instruction the court gave its instruction No. 13, which reads:

"In your consideration of whether or not plaintiff is suffering from a disability caused by accident arising out of and in the course of his employment and in your consideration of the extent of such disability, if any is shown, the burden is upon the plaintiff to show by a preponderance of the evidence that such disability, if any, is the direct and proximate result of an accidental injury sustained in the course of his employment or is the result of the material aggravation of a pre-existing in-

firmity as the result of an accidental injury sustained in the course of his employment. You are, therefore, instructed that in considering the award to be made to the plaintiff, if any, you should disregard any pre-existing infirmity of plaintiff, if any, except to the extent that you may find such pre-existing infirmity has been aggravated and brought to light by an accidental injury sustained in the course of his employment. If you find that there was a pre-existing infirmity and that by reason of an accidental injury sustained in the course of his employment the pre-existing infirmity was materially aggravated and brought to light by an accidental injury sustained in the course of his employment, you may award plaintiff the disability, if any, now shown to exist."

Again the appellants find themselves confronted with previous adverse decisions of this court, the latest being Gilbert v. E. B. Law and Son, Inc., supra, wherein previous cases on the effect of aggravation of a pre-existing infirmity are collected.

■ The undisputed testimony in the case is that claimant had been doing heavy work for years up to the time of his injury while working for the appellant employer, and, for all that appears in the record, he would have continued to so work except for the accident for which he sought compensation in this case; so,

conceding all appellants say about the case of Gonzales v. Pecos Valley Packing Co., 1944, 48 N.M. 185, 146 P.2d 1017, we feel appellants were given all they were entitled to receive on the subject covered by the requested instruction by the court's instruction No. 13, supra.

█ The appellants next complain of the refusal of the trial court to give their requested instruction which stated in a compensation case in New Mexico the attorneys' fees are paid by the employer and insurer and are not paid by the claimant.

The basis for the argument in support of such instruction is that Lea County adjoins the State of Texas where the attorneys' fees up to one-third for a court recovery are paid out of the award to claimant and not by the insurer; that knowledge of such fact is bound to be general in Lea County, and appellants feel something additional might have been allowed for attorney fees in this case.

There is nothing in the record to indicate their fears in this regard are well founded unless it be the extent of disability found, and the writer cannot refrain from saying it is his belief most of the attorneys defending compensation cases in this part of the state would have been happy of the award made, had they been defending in this case.

If awards are being increased by juries in Lea County because of a belief a claimant must pay his attorney, such fact would be known to the resident Judge who tries these cases, and we are sure he would take proper steps to stop such practice. In fact, he did give a cautionary instruction in this very case which seems to be sufficient to hold the jury to the actual disability they believed existed. It reads:

"You are instructed that if you find and believe from the evidence that the plaintiff is entitled to a judgment in this case, you are not to concern yourself with the amount of money he might receive under the compensation laws of the State of New Mexico nor are you to concern yourself with the amount of wages he received before the accidential injury. You are only concerned with the percentage of disability of the claimant, if any, resulting from the accidental injury in comparison with his ability to earn wages before the accidental injury."

█ The final ground relied upon for reversal is the trial court erred when it refused to instruct the jury the claimant was not entitled to an award in excess of sixty percent, for the reason at the time of the trial the claimant was earning $50 per week (as a telephone operator) as compared to his former earnings of $125 per week.

The claimant had secured such employment only two weeks before the trial, and

it was questionable whether the job would last more than three months.

 The trial court, without objection, gave the long accepted instructions in Lea County on total and partial disability which we deem sufficient in this case. First, the trial court gave instruction No. 2, which reads:

" 'Total disability' may be said to exist when under all of the facts and circumstances in the case, the jury determines from a preponderance of the evidence that the plaintiff is unable by reason of his accidental injury to obtain and retain gainful employment."

In instruction No. 3, the jury was told partial disability meant partial impairment of earning capacity, and it was told to take into consideration:

"the evidence bearing upon the activities of the plaintiff, his age, education, training and general physical and mental capacity and adaptability, and from the evidence in the case determine a just and fair percentage of impairment of the plaintiff's ability to obtain and retain a gainful employment."

The evidence shows the claimant had only an eighth grade education, that he was a welder by trade and when not doing such work for his employer he did heavy manual labor, and that he was not fitted by training for other work.

The judgment will be affirmed and the claimant will be awarded the sum of $600 for the services of his attorney in this court. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.