357 P.2d 672

**R. C. RHODES, Plaintiff-Appellant,**

**v.**

**COTTLE CONSTRUCTION COMPANY, employer, and National Fire Insurance Company of Hartford, insurer, Defendant-Appellee.**

**No. 6728.**

Supreme Court of New Mexico.

Dec. 13, 1960.

J. T. Morgan, Portales, for appellant.

Hartley, Buzzard & Patton, Clovis, for appellee.

NOBLE, Justice.

The claimant, being dissatisfied with a judgment limiting workman's compensation payments for temporary total disability during the healing period of an injured scheduled member to eighteen months and 25% partial permanent disability to the scheduled member thereafter, and refusal to grant attorneys fees, appeals from a judgment rendered by the court trying the case without a jury.

The facts, so far as pertinent to the decision, are that R. C. Rhodes, the claimant, was 62 years of age at the time of trial, is a carpenter by trade and knows no other trade or means of livelihood. At the time of the accident, May 9, 1957, he was working as a carpenter for Cottle Construction Company, in construction work at Cannon Air Force Base, near Clovis. He received injuries to his right knee, consisting of a sprain, torn ligaments, and broken cartilage, as a result of a fall from a loading platform.

It was stipulated that claimant received a compensable injury, and at the time thereof

was earning $100 per week. Claimant was paid $30 per week compensation to May 30, 1958 when the payments were stopped. The reason for terminating the payments being given as the refusal of claimant to accept a $2,500 lump sum settlement and that he had refused to submit to surgical treatment. The recommendation for surgical treatment was, however, later withdrawn and is not in issue.

The trial court found the following facts after finding that claimant was employed as a carpenter by Cottle Construction Company and was earning in excess of $100 per week:

"3. That on May 9, 1957, R. C. Rhodes suffered an injury in the course of his employment.

"4. That injury was to the right knee.

"5. That as a result of the injury to his right knee R. C. Rhodes was temporarily totally disabled for eighteen months.

"6. That the insurer, National Fire Insurance Company of Hartford, paid R. C. Rhodes compensation in the amount of $30 per week from May 9, 1957 to May 29, 1958.

"7. That as a result of the injury R. C. Rhodes is partially permanently disabled in the right leg in the amount of 25%."

The trial court then made three conclusions of law only, as follows:

"1. That the court has jurisdiction of the parties and subject matter of this action.

"2. That R. C. Rhodes is entitled to recover $699.27 representing five months and ten days temporary disability.

"3. That R. C. Rhodes is entitled to recover 25% of 180 weeks or $1,350, payable at $7.50 per week for 180 weeks."

The first contention made by appellant is that where a scheduled member has been injured, without other bodily disability, the workman is entitled to compensation for temporary total disability until the injured member has reached its maximum recovery or healing, and partial permanent disability to the scheduled member thereafter.

Section 59–10–18, N.M.S.A.1953 Comp., while repealed by Chapter 67, Laws 1959, was in force at the time of the injury here and is applicable. That section provides for temporary total disability during the healing period:

"* * * the workman shall be entitled to be compensated for the healing period during which he is totally disabled, and if he has suffered a permanent partial disability enumerated in paragraph (b) of this act, he shall receive compensation computed on the basis of degree of permanent partial

disability as set forth in said paragraph (b) in addition to the compensation paid him during the healing period while he is totally disabled * * *."

Appellant urges that temporary total compensation payments are required during the actual, not the anticipated, healing period and until the injured member has reached its maximum recovery, while appellee contends that temporary total compensation payments should cease when the injury has healed to the point where the workman is no longer totally disabled.

Under the statute, the workman is to be paid compensation for temporary total disability "for the healing period during which he is totally disabled." We are thus confronted, at this point, with the question as to when the healing period has ended or as to when the workman is no longer totally disabled.

Total disability, within the Workman's Compensation Act, may be said to exist when, considering the age, education, training, general physical and mental capacity and adaptibility of the workman, he is unable by reason of his accidental injury to obtain and retain gainful employment. Seay v. Lea County Sand & Gravel Co., 60 N.M. 399, 292 P.2d 93.

The trial court found the period of total temporary disability to be eighteen months and granted total compensation for that period. To paraphrase appellant's argument, they say that appellant was awarded temporary total compensation for any period during which he was totally disabled. Is that supported by substantial evidence? Appellant testified that he had sought and was refused employment in the carpenter trade when his prospective employer became aware of his physical condition. Two witnesses who were, or had been foreman or superintendents in building construction, testified that in their opinion appellant could not secure employment as a carpenter because of his physical condition resulting from the accidental injury. One of the two doctors testified he did not believe appellant could obtain employment as a carpenter. Both doctors expressed the opinion that at the time of their last examination appellant could perform certain of the duties of a carpenter which could be done without climbing or the use of other than wide trestles. Both doctors testified that appellant's injury had not reached maximum recovery. One doctor testified that the disability to the injured member at the time of the last examination was 50%, the other that it was 60% to the right leg from the hip down. They both testified that they had expected maximum recovery within a period of eighteen months, and that the ultimate partial permanent disability to the scheduled member was expected to be 25%.

The ability to perform certain limited functions of the workman's trade does not necessarily mean that he can obtain or re-

tain gainful employment. A workman may be able to perform certain limited portions of his trade and still, by reason of his accidental injury, be unable to perform other duties generally required of one in his trade and by reason thereof be unable to obtain or retain employment in that trade.

 We find no substantial evidence to support the finding that appellant was temporarily totally disabled for only eighteen months. We cannot adopt or sustain findings of the trial court not supported by substantial evidence. Allen v. Allen, 52 N.M. 174, 194 P.2d 270; Silva v. Haake, 56 N.M. 497, 245 P.2d 835. For that reason the cause must be reversed and remanded.

Appellee however, urges that the evidence sustains the contention that appellant failed to exercise the injured leg as vigorously as was recommended or intended by the doctors, and that the failure of the injured member to reach maximum recovery within the expected period was due to failure of appellant to properly exercise his leg and that under § 59–10–20, N.M.S.A.1953 Comp., the trial court was justified in reducing or suspending compensation payments to the percentage of disability appellant would have had if he had followed the recommendations of the doctors. Appellee contends that an analysis of the compensation awarded by the judgment shows that the trial court must have so determined. That portion of the statute urged by appellee as applicable reads:

"If any workman shall persist in any unsanitary or injurious practice which tends to imperil, retard or impair his recovery or increase his disability or shall refuse to submit to such medical or surgical treatment as is reasonably essential to promote his recovery, the court may in its discretion reduce or suspend his compensation."

No finding of fact was requested or made by the trial court as to whether appellant did refuse to submit to such medical treatment as was reasonably essential to promote his recovery. Furthermore, it is conceded that the evidence on this question is conflicting. We cannot conjecture whether the trial court did, in fact, reduce or suspend appellant's compensation because of any fact within the provisions of the above section.

This court in Helms v. New Mexico Ore Processing Co., 50 N.M. 243, at page 246, 175 P.2d 395, at page 397, quoted the following with approval from Stufflebean v. City of Fort Dodge, 233 Iowa 438, 9 N. W.2d 281, at page 283:

"While the rule appears to be generally recognized and applied, there is of course some variation in its application. Where the evidence is undisputed on the issue, the question becomes one of law; where there is a conflict in the evidence, it is one of fact. Where a question of law is presented,.

the courts may make a final determination of it. Pritchard v. Ford Motor Co., supra. Where disputed questions of fact are present and undecided, it is necessary to remand the case for further proceedings. Whittika v. Industrial Comm., 322 Ill. 368, 153 N.E. 708."

■ An employee may not be denied compensation because of his failure or refusal to accept medical treatment unless it be shown that such refusal was arbitrary and unreasonable. Consolidated Lead & Zinc Co. v. State Industrial Comm., 147 Okl. 83, 295 P. 210, 73 A.L.R. 1298.

■ This statute does not make the right of refusal to submit to medical treatment depend entirely upon medical opinion.

In Grant v. State Industrial Accident Comm., 102 Or. 26, 201 P. 438, at page 444, in construing a similar statutory provision it was said:

"The opinions of medical men, whether divided or unanimous, are not alone and of themselves necessarily controlling. In every jurisdiction the right of the workman is dependent upon his conduct, and his conduct is measured by the course which would be pursued by an ordinarily reasonable man."

See Hamlin v. Industrial Commission, 77 Ariz. 100, 267 P.2d 736. We held in Helms v. New Mexico Ore Processing Co., supra, that the trial court is not limited to expert testimony and said:

"The question whether plaintiff acted reasonably or not in refusing the operation is a question of fact and the trial court was not limited to expert testimony in considering the question."

■ The above statement applies with equal force to a claimed refusal to submit to medical treatment. If the question is whether the employee exercised the injured member as vigorously as intended by the doctors it then becomes one where the conduct of the employee is to be measured by the course which would be pursued by an ordinary, reasonable man and whether, if there was a refusal to follow medical recommendations, the employee acted arbitrarily and unreasonably. These are questions of fact to be determined by the trial court before there is anything for review by an appellate court.

Appellant next contends that the percentage of disability is not limited to the percentage of disability to the scheduled member, but rather is to be calculated on the reduction in earning capacity of the workman as a result of the injury. We understand this contention to be that appellant claims to be entitled to the percentage of total disability by which the injury to the scheduled member reduces his capacity to earn. Appellant cites in support

**24**

of his contention Helms v. New Mexico Ore Processing Co., supra; Seay v. Lea County Sand & Gravel Co., supra; Smith v. Spence & Son Drilling Co., 61 N.M. 431, 301 P.2d 723, and Hamilton v. Doty, 65 N.M. 270, 335 P.2d 1067. Those cases do not support appellant's contention. The injuries there extended to other parts of the body and were not limited to a scheduled member.

The rule is stated thus in Reck v. Robert E. McKee General Contractors, 59 N.M. 492, at page 498, 287 P.2d 61, at page 65:

"Of course, if the injury complained of is limited to a scheduled member, the employee can only have what is provided by the statute. On the other hand, if general bodily impairment and disability extend beyond the scheduled member then compensation is allowable for the total or partial permanent disability shown. Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000."

Where the injury is limited to a scheduled member, the compensation is limited to temporary total disability during the healing period in which the workman is totally disabled and thereafter to the percentage of disability to the scheduled member as provided by the statute.

Here, appellant sought to establish general bodily impairment in addition to injury to the scheduled member. A finding of fact to that effect requested by appellant was refused by the trial court. No error is assigned by reason of the denial of this requested finding. That question is not presented for review.

Finally, appellant claims that the trial court erred in refusing to grant attorney's fees. Appellee, at the time compensation was discontinued tendered a lump sum settlement of $2,500, which was refused. The tender was renewed by appellee's answer. The judgment awarded $2,049.27. Under the provisions of § 59–10–23, N.M.S.A.1953 Comp., as amended by Ch. 274, Laws 1955, construed by this court in Lee v. United States Fidelity & Guaranty Co., 66 N.M. 351, 348 P.2d 271, 273, an attorney fee shall not be allowed unless the recovery in court "exceeds the amount tendered by the employer prior to court proceedings." The trial court did not err in refusing attorney fees, and the request for attorney fees on this appeal must now be denied. Perez v. Fred Harvey, Inc., 54 N.M. 339, 224 P.2d 524.

The judgment will be reversed with directions to the trial court to vacate its judgment and to take such further proceedings as may be required not inconsistent with the view herein expressed.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.

COMPTON, C. J., and MOISE, J., not participating.