364 P.2d 136

**Joseph RUIZ, Claimant, Plaintiff-Appellee,**

v.

**Carl HEDGES, d/b/a Hedges Oil Company, Employer, and Travelers Indemnity Company, Insurer, Defendants-Appellants.**

No. 6788.

Supreme Court of New Mexico.

Aug. 16, 1961.

Rodey, Dickason, Sloan, Akin & Robb, Ray H. Rodey, James C. Ritchie, Albuquerque, for appellants.

Edwin L. Felter, Santa Fe, for appellee.

MOISE, Justice.

This is a workmen's compensation case in which the claimant-appellee alleges an injury to his lower back suffered on August 8, 1957, while employed by the employer-appellant as a filling station attendant. The circumstances of the accident are not material to a determination of the case.

On the date of the injury claimant was 16 years old and was to be a senior in high school. He has since graduated from high school. The accident was to his back and resulted from heavy lifting. It occurred about noon but he worked until quitting time at four o'clock although in pain. He also worked the following day, and it was not until the second day following that he reported the injury to his supervisor. Since pain in the back persisted, claimant some two weeks later consulted an osteopathic physician who administered a heat treatment and massage and taped his back. He returned several times for treatments, but continued to work without loss of time although complaining of pain in his back. He was advised by the osteopath not to do any heavy lifting. In October, 1958, he was hospitalized for a week and then remained at home for two weeks. He then returned to work with employer where he worked continuously until January 5, 1959, when he voluntarily left this employment. In the seventeen months which had elapsed after the injury claimant had lost just three weeks away from his work.

On January 7, 1959, two days after leaving employer, claimant was employed by San Pedro Auto Glass where he has worked continuously without loss of time from the date of employment to the date of trial on January 12, 1960, almost exactly a year later.

On the trial the court, over objection of employer, allowed the jury to determine if claimant was totally and permanently disabled, and the jury having decided in the affirmative, judgment was entered accordingly. This appeal by employer and his insurer followed.

The only question to be determined on this appeal is whether or not there is substantial evidence in the record upon which the court could predicate an instruction on total and permanent disability and the jury find it as a fact.

Stated differently, we are faced with a determination of whether under the facts of this case, as related above, where the claimant loses no time from his work, continues in exactly the same employment as before the injury, although possibly suffering some pain and avoiding heavy lifting,

but otherwise with duties unchanged, it can be said that he is totally and permanently disabled. If not, it was error to submit the issue to the jury, and its finding to such effect would not be supported by substantial evidence.

We recognize the rule to be that unless the trial court could say that claimant was not totally and permanently disabled as a matter of law, the question was properly submitted to the jury. Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000. Also, that we will not undertake to determine upon which side of an issue the evidence preponderates, but are limited in our consideration to issues of law, and if substantial evidence is present to support the jury's finding we will not disturb it. New Mexico State Highway Department v. Bible, 38 N.M. 372, 34 P.2d 295.

We note two additional rules of appellate practice. First, that in a case where a verdict is attacked on appeal as not being supported by substantial evidence, we must view the evidence and all inferences flowing therefrom in a light most favorable to appellee and to the validity of the verdict. Apodaca v. Allison & Haney, 57 N.M. 315, 258 P.2d 711. Second, if there was no substantial evidence to support a finding of total and permanent disability, to instruct thereon would inject a false issue into the case, and be error. Jackson v. Deming Ice & Electric Co., 26 N.M. 3, 189 P. 654; Pitner v. Loya, 67 N.M. 1, 350 P.2d 230.

In the case of Rhodes v. Cottle Construction Company, 68 N.M. 17, 357 P. 2d 672, 674, decided December 13, 1960, we defined "total disability" as follows:

"Total disability, within the Workman's Compensation Act, may be said to exist when, considering the age, education, training, general physical and mental capacity and adaptibility of the workman, he is unable by reason of his accidental injury to obtain and retain gainful employment. Seay v. Lea County Sand & Gravel Co., 60 N.M. 399, 292 P.2d 93."

By no stretch of the imagination can evidence or inferences be found in the proof in this case that claimant was unable for any reason "to obtain and retain gainful employment." On the contrary, it is uncontroverted that he was continuously employed in the same or comparable work without loss of time, except for three weeks. True, he suffered some pain and had to refrain from heavy lifting which so far as the evidence discloses in no way interfered with his employment. Under these circumstances we must conclude that the evidence viewed in a light most favorable to appellee and in support of the verdict does not to any substantial degree support a holding of total and permanent disability.

We have not overlooked the fact that the definition of "total disability" given by the court to the jury in its instructions, without objection as to form (employer's objection was addressed to the giving of any instruction on the issue), is the law of the case and differs in several material respects from the correct definition set out above. Even so it did advise the jury that to be entitled to "total disability" the workman necessarily had to be " * * * unable to pursue his customary employment, or work of the same general character * * *." There was no substantial evidence to support the giving of the instruction under the definition as adopted by the trial court.

By what we have said we do not wish to be understood to be retreating from or qualifying previous decisions of this court where we have determined that the fact that a claimant could "do a little light work, invariably attended with painful effects" or some "light piddling around of some nature" would not be sufficient to overturn a jury's verdict of total and permanent disability. Lipe v. Bradbury, supra; New Mexico State Highway Department v. Bible, supra; Smith v. Spence & Son Drilling Company, 61 N.M. 431, 301 P.2d 723. However, this is not such a case. Here the claimant was continuously employed in the same or comparable work suffering only some pain and being unable to do heavy lifting, none of which in any way interfered with his employment.

It follows from what has been said that the case must be reversed and remanded with instructions to grant a new trial.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.

COMPTON, C. J., and CARMODY, J., not participating.