385 P.2d 568

**V. H. BLANCETT, Plaintiff-Appellant,**

v.

**HOMESTAKE–SAPIN PARTNERS,**
**Employer, Defendant-Appellee.**

**No. 7267.**

Supreme Court of New Mexico.

Sept. 30, 1963.

Sheehan, Duhigg & Christensen, Albuquerque, for appellant.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellee.

COMPTON, Chief Justice.

This action was instituted by the appellant, plaintiff below, to recover workmen's compensation for a knee injury which he alleged was suffered by accident arising out of and in the course of his employment with appellee, defendant below, resulting in per-

manent partial disability and anticipated medical expenses in excess of $700.00.

At the close of the plaintiff's case the trial court, acting pursuant to Rule 41(b) of the Rules of Civil Procedure (§ 21–1–1 (41), N.M.S.A., 1953 Comp.), sustained the defendant's motion to dismiss the complaint, and made the following pertinent findings of fact:

"3. That the said plaintiff called as a witness Dr. Eugene Szerlip, who testified as follows:

"a. That the said plaintiff had given him a history that he had bumped his knee on two occasions; that he made a tentative diagnosis of a torn cartilage in the knee at the time of his first examination; that the history was incompatible with the type of injury diagnosed at that time by the doctor.

"b. That on re-examination a short time prior to trial, he had again re-examined the right knee of plaintiff, found that the plaintiff had a good knee without any mechanical malfunction and without any disability that he could discover and attribute to any accident; that he could not find any evidence of a torn cartilage at the time of his second examination.

"4. That the plaintiff, by the testimony that he produced in his behalf, could not and did not prove he had incurred any disability as a natural and direct result of any accident and, further, that the plaintiff failed to prove any casual (sic) connection as a medical probability by expert testimony to his claimed accident and disability."

The appellant has raised a number of points on appeal but, as we view them, they either challenge the sufficiency of the evidence to support the findings of the court, or claim error in the court's refusal to make certain contrary findings requested by him.

This court has said that in disposing of an action on its merits under Rule 41(b) a trial court is not bound to give the plaintiff's evidence the most favorable aspect, but only has the duty to weigh the evidence and give it such weight as the court believes it is entitled. Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824 and Hickman v. Mylander, 68 N.M. 340, 362 P.2d 500. Upon review, in determining whether the findings of the trial court are supported by substantial evidence, this court will view the evidence in the light most favorable to support the findings. Montano v. Saavedra, supra; Totah Drilling Company v. Abraham, 64 N.M. 380, 328 P.2d 1083; Hines v. Hines, 64 N.M. 377, 328 P.2d 944.

The alleged accident complained of by appellant was a bumping of the inside of

his right knee on the dump truck he was driving for appellee, while getting into the truck on August 31 and September 1, 1960. However, appellant testified that he had previously struck the same knee on another truck in June, 1960, and that the first time he suffered pain in the knee was after playing baseball on July 4, 1960. It was after striking the knee on September 1st that appellant lost 12 days from work stating he was unable to get out of bed on September 2, 1960. Incidentally, it is to be noted that for this period of time he received sick pay and payment on his medical bills under a health and accident policy he carried with his employer covering non-employment-connected sickness and accidents.

The appellant's medical expert testified that the type of injury he tentatively diagnosed on his first examination of appellant in February, 1961, was incompatible with the history given him by appellant; that a twisting injury was the more usual way in which this particular injury occurred. He further testified, from his second examination of appellant prior to the trial, that:

"In a mechanical sense, the knee is normal in its functions, it is not weak, it has a full range of motion, it is not unstable, and according to the usual ways of evaluating disability, I can-

not attribute any disability to the knee."

Section 59–10–13.3, 1953 Comp., as amended, provides that claims for workmen's compensation shall be allowed only:

"(1) when the workman has sustained an accidental injury arising out of, and in the course of his employment;

"(2) when the accident was reasonably incident to his employment; and

"(3) when the disability is a natural and direct result of the accident.

"B. In all cases where the defendants deny that an alleged disability is a natural and direct result of the accident, the workman must establish that causal connection as a medical probability by expert medical testimony. No award of compensation shall be based on speculation or on expert testimony that as a medical possibility the causal connection exists."

That the appellant suffered an injury to his right knee at some time and in some manner is not disputed. For the court to have found, on the evidence in this record, that the injury occurred on August 31 and September 1, 1960, as opposed to June or July of the same year, would have been pure speculation and in direct contraven-

**50**

tion of the requirements of our Workmen's Compensation Act.

With respect to appellant's claimed disability, the medical testimony leaves no doubt but that it consists entirely of his complaints of discomfort or pain resulting from prolonged use of the leg.

"Disability" is defined in the Workmen's Compensation Act (§ 59–10–12.1, supra) as "a decrease of wage earning ability due to a workman's injury suffered by accident arising out of and in the course of his employment." An examination of the record before us fails to reveal any evidence concerning the loss of wage-earning ability. Although at the time of trial appellant was unemployed and drawing unemployment compensation, none of the evidence, including his own testimony, points up the fact that he is in any manner disabled for work. But even had there been an accidental injury arising out of and in the course of his employment with appellee, under our ruling in Ruiz v. Hedges, 69 N.M. 75, 364 P.2d 136, where the pain and discomfort did not interfere with his wage-earning ability, appellant's injury would not have been compensable.

We find the trial court's findings amply supported by substantial evidence, and its judgment should be affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.