122 P.2d 410

**MATHEWS v. NEW MEXICO LIGHT & POWER CO. et al.**

No. 4652.

Supreme Court of New Mexico.

Feb. 7, 1942.

Neal & Girand, of Hobbs, for appellants.
John E. Hall, of Carrizozo, for appellee.

MABRY, Justice.

There is involved in this appeal the question of what compensation should be allowed a workman, under our Workmen's Compensation Act, for loss of use of a leg, when the loss is attended by bone infection, pain and suffering which renders workman permanently and totally disabled from doing or performing the only kind of manual labor he is qualified to do and perform, "or any type of work that involves manual labor or the walking or standing on his feet."

During the pendency of this appeal, appellee, Arthur Mathews, died and his widow, under the name of "Mrs. Arthur J. Mathews, administratrix," was upon motion substituted as party appellee. Therefore, for convenience in reference and identification, the word "workman" will be used in the opinion when referring to the deceased.

The workman, claimant below, a man 65 years of age, suffered a leg injury while in the employ of appellants, resulting in the complete loss of use of the left leg below the knee, though not in its severance. The workman set up in his claim against appellants that he received the injury to his leg and. as a result that he was totally and permanently disabled, and asked for compensation upon the basis of $18 per week for the maximum period of 551 weeks allowed under the act for total and permanent disability. No question is raised by appellants as to the extent or circumstances of the injury to the leg which rendered the limb entirely useless, but they contend that

liability is limited to the schedule amount provided in cases of "loss of" a limb as by severance, which is payment for 120 weeks only.

Appellants thus take the position that under the circumstances of this case and in view of our statute, the loss of the use of a leg is equivalent to the loss thereof by severance and that the schedule for compensation for such loss is exclusive, notwithstanding claimant may have, in addition, suffered thereby total and permanent disability.

We first examine the statutes and the findings of the court in an effort to determine the answer. It is conceded that appellants, in view of the record, are bound by the court's findings. The point that the evidence may not support the findings is not challenged. Much of the disagreement arises from contrary interpretation placed by the parties upon the court's findings as well as upon the statute applicable.

The pertinent provisions of the Workmen's Compensation Act, Chap. 92, Laws of 1937, Sec. 156-117, 1938 Supplement to N.M.Comp.Laws of 1929, provide:

"156-117. *Compensation—How Computed and Amount.* No compensation shall be due or payable under this act for any injury which does not result in either the temporary disability of the workman lasting for more than seven days or in his permanent disability or permanent injury, as herein described, or death, but for any such injury for which compensation is payable under this act, the employer shall

in all proper cases, as herein provided, pay to the injured workman, or to some person authorized by the court to receive the same, for the use and benefit of the beneficiaries entitled thereto, compensation at regular intervals of no more than sixteen days apart, in accordance with the following schedule, less proper deduction on account of default in failure to give notice of such injury as required in section 6(7) (156-113) hereof;

"(a) For total disability the workman shall receive sixty per centum of his earnings, not to exceed a maximum compensation of eighteen ($18.00) dollars per week, nor to be less than a minimum compensation of ten ($10.00) dollars per week, during the period of such disability but in no event to exceed a period of five hundred fifty (550) weeks; Provided, however, that where the earnings are less than ten dollars per week then the compensation to be paid such workman shall be the full amount of such weekly earnings. * * *

"(b) For disability partial in character but permanent in quality, such compensation shall be measured by the extent of such disability. In the following cases the compensation shall be sixty per cent of the earnings of such workman, subject to the limitations of this act, as to the maximum and minimum payments as provided in paragraph (a) of this section. For the loss of: * * *

"One leg at or near hip joint as to preclude the use of an artificial limb, 180 weeks

"One leg at or above the knee where stump remains sufficient to permit the use of an artificial limb, 130 weeks

"One leg between knee and ankle, 120 weeks. * * *

"Disability Through Infections

"When by reason of infection or other cause not due to neglect or misconduct of the injured workman he is actually disabled longer than the time specified in the foregoing schedule from earning wages, compensation shall be paid such workman for such loss of wages within the limits otherwise provided.

"Paralysis

"For the purpose of this schedule, permanent and complete paralysis of any member as the proximate result of an accidental injury shall be deemed equivalent to the loss thereof.

"The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or any two thereof in the absence of conclusive proof to the contrary, shall constitute total disability, permanent in character; Provided, that the employer shall not be liable for compensation for total disability if the loss of one arm, foot, leg, or eye occurred prior to such accident but in that event compensation shall be paid only in accordance with the schedule herein for partial disabilities, but the definitions of total disability contained in this paragraph shall not be exclusive of other cases of total disability.

"In all other cases in this class, or where the usefulness of a member of any physical function is permanently impaired, the compensation shall bear such relation to the amounts stated in the above schedule as the disabilities bear to those produced by injuries named in the schedule."

The court made the following findings:

"That at the time of the trial of this action, said leg was tender near the anterior middle section, and that pressure on said leg produced pain."

"That claimant is unable to walk without the aid of a cane and that after walking as much as one or two blocks the said leg pains him, and he is unable to proceed further without stopping and resting his limb."

"That as late as October, 1939, approximately 15 months after the date of the injury, a further operation was performed on said leg by one Dr. Miller of Clovis, New Mexico, and that infection remained in said leg and continued to drain at infrequent intervals up to and within 60 days prior to the date of this action."

"That plaintiff or claimant is permanently totally disabled from doing or performing the only work he is qualified to do, to wit: that of a mine foreman, or any type of work that involves manual labor or the walking or standing on his feet."

"That the plaintiff or claimant is permanently totally disabled within the meaning of the Workmens' Compensation Act."

Appellants make mention of a finding by the court to the effect that the workman sustained no injury to the re-

mainder of his body and his bodily functions other than that of the leg are not "impaired." While clearer language could have been chosen to express the thought obviously in the mind of the court, this finding, as we appraise it in the light of other findings, and particularly the ultimate findings of total and permanent disability, can mean no more than that the "injury" from the impact was confined to the leg in question. "The findings must sustain the judgment of course, but they are to receive such construction as will uphold rather than defeat the judgment." Greenfield v. Bruskas, 41 N.M. 346, 355, 68 P.2d 921, 927; and the findings must be considered as a whole, of course.

It is not disputed that the injury was a compound fracture below the knee from which a serious infection resulted, and that no specific injury through impact resulted at the time to any other limb or other portion of the body. Appellants rely upon the point, which they earnestly and ably present, which is, that under the language of our statute the complete loss of use of a member is, for the purpose of compensation, equivalent to severance, and the scheduled amount is exclusive.

The workman urges that the findings of fact support his appraisal thereof to the effect that the disability which the court finds to be total and permanent, arises, not alone because he has lost complete use of the member, but that the diseased limb and the pain and suffering which follows (a condition which might or might not be present in case of severance) augment the

disability to the degree that it becomes total and permanent.

In view of the findings of the court it cannot be said that the workman's disability is limited to the loss of the use of the limb. It is clear that he has suffered and was, at the time of trial, continuing to suffer from the infection in the leg beyond anything which could reasonably be contemplated as resulting if the leg had been severed and had properly healed; and, because of this substantial impairment to his whole body through such infection, pain and suffering, he had become totally and permanently disabled and is entitled to compensation therefor.

Therefore, we are here called upon to say whether, under the facts of this particular case, the loss of the use of the member in question is equivalent only to the loss by severance, and is exclusive; and not to decide the broader question whether, ordinarily, and under some circumstances, the loss of the use of a member would be equivalent only to its loss by severance, so that the specific scheduled payment for such loss would be exclusive. Many authorities cited and relied upon by appellants are, therefore, not in point upon the narrower question which the situation here, supported by the findings of the court (conclusive under the state of the record before us), present.

Appellants vigorously urge that the court meant by its use in its findings of the term "totally and permanently disabled" that the workman simply suffered that

total and permanent disability which attends the case of any workman so situated and so unequipped to perform any work other than that involving manual labor and who has lost the use of a leg, whether severed or simply retained as a useless appendage.

■ The court's findings do not support appellants' position. While the injury caused by the impact was to the lower part of the left leg only, it cannot be said that the injury and disability suffered are from the loss of the use thereof, only. The injury and resulting disability are here more far-reaching. The leg remains as a painful diseased appendage, obstructing and interfering, in a measure, with the proper functioning of the entire body. The workman might have been better off had the leg been amputated. But, we know of no authority which would have compelled this operation. It is quite probable that for many months while appellee lay in the hospital suffering from the injury both he and the surgeon in charge may have debated the question whether the patient should elect to have the amputation. And then, the question doubtless arose respecting the danger which amputation, under the conditions present in the patient, might entail. The record is silent on some of these circumstances suggested, but it is clear upon the point that the bone infection persisted from a short time after the injury for over two years, and that some fifteen months after the date of the injury, a further operation was performed on the leg and "that infection remained in said leg and continued to drain at infrequent intervals" up to the time of the last examination before trial.

■ Simply because the disability resulted from an injury to the leg, and the loss of its use, we cannot say that compensation must be limited to the scheduled weekly payments "for the loss of a leg." We find the general rule covering such cases laid down in 71 C.J. at page 846, where it is stated:

"It is generally held that compensation for loss of use cannot exceed that allowed for loss of the member, and should not equal it, and is in some acts expressly so provided; *but this limitation has been held not to be applicable where the loss of use causes, and is to be compensable as, disability rather than loss of use* * * * where the injury results in total loss of use but causes total disability, it is compensable as such, and so where permanent partial disability results." (Emphasis ours.)

"Where by reason of the injury an employee is so disqualified from performing the usual tasks of a workman that he is unable to procure and retain employment, is unable to pursue his customary employment or work of the same general character * * * he is totally incapacitated and entitled to the compensation therefor." 71 C.J. 818, § 538.

"Compensation for specific injuries is ordinarily governed by the schedule alone, and is awarded according to a classification

of disability stated in the Statute and not on the basis of the severity of the injury, and most, if not all, the compensation acts provide that such compensation shall be in lieu of all other compensation. Notwithstanding such a provision it has been held that the injured employee may in a proper case be entitled to compensation for a period of temporary total disability resulting from the injury, but for a specific injury relating solely to the injured member claimant cannot have compensation for temporary or permanent total, or permanent partial disability. *However, an injury is not specific within the meaning of a schedule unless such injury relates solely to the injured member, and, if because of an injury to a specific member the whole body suffers, thereby incapacitating the workman, the injury is not specific * * * claimant is not confined to the compensation provided for the injury to the specific member * * * where an injury to a specific member results in permanent total incapacity it is compensable as such and is not to be confined to the schedule compensation for the loss or loss of use of the injured member."* (Emphasis ours.) 71 C.J. page 837, § 551.

We are committed to a liberal construction of the Workmen's Compensation Act. Gonzales v. Chino Copper Co., 29 N.M. 228, 222 P. 903; Points v. Wills, 44 N.M. 31, 97 P.2d 374—if indeed, reliance upon a liberal construction would here be found necessary. The language of the statute seems clear and the findings of the court conclude the parties from challenging the claim of total and permanent disability. The fact that the disability arose through injury to a leg and loss of the use thereof, and even under circumstances which would suggest the wisdom of amputation, would not of itself limit liability to the scheduled 120 weeks, if, growing out of such injury and due to diseased and infected tissue and bone, general disability followed and the employee thus became totally and permanently disabled from performing any work for which he was fitted.

For cases where there was an allowance of compensation beyond that fixed by the schedule for loss or injury to limb or member, or for compensation resulting through injury to member, see: Fern Gold Mining Co. v. Murphy, 9 Cir., 7 F.2d 613; Saddlemire v. American Bridge Co., 94 Conn. 618, 110 A. 63; Wilson v. Union Indemnity Co., La.App., 150 So. 309; Lumbermen's Reciprocal Association v. Anders et al., Tex.Civ.App., 292 S.W. 265; Bell v. Employers' Liability Assurance Corporation, La.App., 152 So. 766; United States Fidelity & Guaranty Co. v. Brandon, Tex.Civ.App. 31 S.W.2d 846; and Key v. Briar Hill Collieries, 167 Tenn. 229, 68 S.W.2d 115; Morlet v. Maus, La.App., 170 So. 392, 393.

Finding no error, the judgment allowing compensation for total and permanent disability is affirmed, and, it is so ordered.

BRICE, C. J., and ZINN and BICKLEY, JJ., concur.

SADLER, J., did not participate.