335 P.2d 1067

William HAMILTON, Appellee,

v.

Harold P. DOTY, d/b/a Harold P. Doty Drilling Company, employer, and Firemen's Fund Indemnity Company, Insurer, Appellants.

No. 6456.

Supreme Court of New Mexico.

Dec. 22, 1958.

Rehearing Denied March 16, 1959.

272

McAtee, Toulouse & Marchiondo, Albuquerque, for appellants.

Bingham & Klecan, Albuquerque, for appellee.

COMPTON, Justice.

Appellee brought this action for compensation under the provision of the Workmen's Compensation Act for an injury sustained by him while engaged in drilling a water well for his employer, and for an additional 50 per centum for the employer's negligent failure to provide a safety device as defined by Chapter 29, Laws 1955, New Mexico Statutes, for the protection of the workman.

The cause was tried to a jury on the issues, (a) the extent and duration of disability of appellee, if any, resulting from the injury, and (b) whether the employer provided a safety device for the protection of the workman.

The jury returned its verdict for appellee, finding total permanent disability and that the employer negligently failed to provide a safety device in general use in such drilling industry. Judgment was entered on the verdict and the employer and his insurance carrier prosecute this appeal.

The pertinent provisions of the statute read:

"In case an injury to * * * a workman results from his failure * * * to use a safety device provided by his employer, then the compensation otherwise payable under the Workmen's Compensation Act shall be reduced by fifty (50%) per centum. * * * If an injury to * * * a workman results from the negligence of the employer in failing to supply reasonable safety devices in general use for the use or protection of the workman, then the compensation otherwise payable under the Workmen's Compensation Act shall be increased by fifty (50%) per centum."

The water well was being drilled for the City of Gallup. Elmer Ring was the driller in charge. The employer was present and

directing the work. Appellee was working as a roughneck. When the well had reached a depth of 2,500 feet, a "cave-in" occurred which required a "fishing job" to recover the drilling tools from the hole. In the fishing operation, it was necessary to turn or twist the pipe and this was done by means of torque applied to a rope extending from tongs being operated by appellee to the cathead. As Ring was applying pressure to twist the pipe, the rope broke, causing the tongs to backlash. On the rebound, the tongs, weighing some 175 pounds struck appellee's left knee.

The evidence is clear that in such circumstances, a ⅝ inch cable, with one end clamped to tongs and the other attached to the derrick, is the device generally used in the water well drilling industry for the protection of the workman. Admittedly, no cable was provided by the employer for this purpose; however, appellants strongly contend that a chain was provided by the employer that would serve the same purpose which appellee failed to use. There is evidence pro and con as to whether a chain was provided, but there is no evidence that such a device, if present, was in general use in the drilling industry.

■ We think the term "in general use" manifests a clear legislative intent to completely eliminate any contention or controversy as to whether some other device may be substituted. To avoid liability under the Act, the device provided must be one generally used in the particular industry. Apodaca v. Allison & Haney, 57 N.M. 315, 258 P.2d 711. Compare Briggs v. Zia Co., 63 N.M. 148, 315 P.2d 217.

■ The evidence to sustain the finding as to total permanent disability is challenged, the contention being that appellee's disability should be limited to the knee injury. This question has been settled by the verdict. Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000. There is evidence of a substantial nature that appellee not only suffered an injury to his knee but there is shown a general body impairment resulting therefrom. There is evidence of permanent damage to the quadriceps muscle; a permanent limp which produces a pelvic tilt, resulting in back pains; when he drives a truck or climbs, his leg swells and pains him, the pain extending to his back. Even the employer testified that he could not do heavy manual labor and that is all appellee is qualified to do as shown from the record. We think the evidence adequately supports the verdict. Mathews v. New Mexico Light & Power Co., 46 N.M. 118, 122 P.2d 410; Flippo v. Martin, 52 N.M. 402, 200 P.2d 366.

■ The driller Ring was permitted to testify that he heard appellee at times complain "about his legs and also pain in his back." The point is made that the admission of such evidence is a violation of the hearsay rule. We do not think there was

274

error in this respect. Such declarations are admissible upon the ground of necessity. Western Steel Car & Foundry Co. v. Bean, 163 Ala. 255, 50 So. 1012; Northern Pacific Railroad Co. v. Urlin, 158 U.S. 271, 15 S.Ct. 840, 39 L.Ed. 977. Also see 20 Am.Jur. (Evidence) § 588, and Annotation, 64 A.L. R. 557.

■ Another point raised is that the court erred in refusing to strike certain evidence. Dr. Kenney, a general practitioner, who was claimant's physician, testified for him. While testifying on cross-examination, the doctor stated that he was not an "expert." Appellants seized upon that statement to have his testimony stricken. Standing alone, the contention would appear to have some merits but the doctor was merely explaining that if the words "expert" and "specialist" were to be considered as synonymous, he could not be classified as an expert. In other words, he was saying that he was not a specialist. We think the evidence shows that the doctor was eminently qualified to testify as an expert.

■ Claimant was awarded $3,000 in the lower court for the services of his attorneys and the award is challenged as excessive. As a basis of their attack upon the award, it is asserted that the trial required only two days; that all medical bills had been paid, and they were paying compensation at the time. That is hardly the true picture; the safety device issue was strongly contested as was the extent and duration of the disability of the claimant. Also hospital bills were involved. The fixing of attorney fees involves various considerations, the dollar value is but one to be mentioned. Nevertheless, from our review of the record, we are forced to conclude that the award should be reduced to $2,000.

■ The final point argued for a reversal of the judgment relates to improper remarks allegedly made by appellee's counsel in his closing argument to the jury. It is claimed that counsel stated to the jury that "defendant, Insurance Company, had lots of funds to pay claimant and that a verdict for the defendants would reduce the claimant's compensation by 50 per centum." Counsel for appellee emphatically denies making the statement. This controversy prompts us to restate the rule, that in a workman's compensation case, evidence of the pecuniary circumstances of the parties, is incompetent, Waldroop v. Driver-Miller Plumbing & Heating Corp., 61 N.M. 412, 301 P.2d 521, but the remarks cannot be considered here as they are not set out in the record. Davis & Carruth v. Valley Mercantile & Banking Co., 33 N.M. 295, 265 P. 35. Statements of counsel in the briefs are not a part of the record. Pino v. Hatch, 1 N.M. 125.

Other points set forth in appellants' brief were not discussed at the oral arguments; however, we have noticed them and they are either disposed of by the conclusion reached or are not well taken.

The judgment will be affirmed; except the award of $3,000 by the lower court is reduced by $1,000. An additional award of $750 is made for the services of appellee's attorneys in representing him in this court. It is so ordered.

LUJAN, C. J., McGHEE, J., and DAVID M. CARMODY, D. J., concur.

SHILLINGLAW, J., concurs in the result.