348 P.2d 271

**Roy H. LEE, Claimant, Plaintiff-Appellant,**

v.

**UNITED STATES FIDELITY & GUARAN-
TY COMPANY, Insurer, and Valley Build-
ing Company, Employer, Defendants-Ap-
pellees.**

No. 6589.

Supreme Court of New Mexico.

Jan. 7, 1960.

Schauer & Stiff, Roswell, for appellant.

Sanders & Bruin, Roswell, for appellees.

MOISE, Justice.

This is a workmen's compensation case
growing out of an injury to appellant in the

course of his employment as a carpenter and cabinet maker in which he lost a portion of his left thumb by amputation and his left index finger was severely cut leaving it permanently stiff and partially paralyzed. As a result of this injury appellant's thumb and index finger are very tender and sensitive to cold so that during cold weather he is unable to do any outside work. Appellant is a man who was 58 years old at the time of the injury, has a tenth grade education, is right-handed, and has done nothing but carpenter work during his adult years. He is what is known as a "finish" worker. Since his injury he has continued to work at his trade, but at a materially reduced hourly wage, assertedly because of his inability to perform as efficiently as previously.

At the trial before a jury, over the objections of appellee, the court submitted two questions to the jury, one as to the percentage of disability suffered by appellant to the body as a whole because of the injury, and the other as to the percentage of disability to the left hand suffered by virtue of the injury. The jury answered that appellant suffered 30% disability to the body as a whole and 35% disability to the hand. Thereafter the court, upon further consideration set aside the verdict as to injuries to the body as a whole and entered judgment for appellant for 35% loss of use of the hand (non-dextrous member). This judgment amounted to 35 weeks at $30 per week, or a total of $1,-050.

Appellee pleaded that prior to employment of an attorney by appellant, he had been offered the sum of $1,050 in full compromise and settlement of all claims, and accordingly the court made no allowance of attorney fees for appellant's attorneys.

Appellant complains here that (1) "the court erred in refusing to enter judgment for plaintiff to the extent of 30% partial permanent disability to the body as a whole; and in limiting claimant's recovery to 35% disability of the hand," and (2) "that the court erred in failing to award plaintiff a reasonable attorneys fee."

In his brief appellant states:

"The real question in this case springs from the fact that claimant did not sustain any direct injury to any part of his body other than the hand, and defendants really contend that since there was no direct injury to any part of the body other than the hand, that claimant is limited to recovery for a scheduled injury for mere partial loss of use of the hand."

He then quotes from the testimony concerning his inability to perform the same amount of work as previously, his reduction in wages, and the pain in his hand when the weather is cold. He then cites the

cases of Mathews v. New Mexico Light & Power Co., 46 N.M. 118, 122 P.2d 410, and Gonzales v. Pecos Valley Packing Co., 48 N.M. 185, 146 P.2d 1017, together with Larson on Workmen's Compensation and numerous cases from other jurisdictions in support of his position that if the claimant suffers a disability as a result of an injury to a scheduled member other than the mere loss of use thereof, then he may recover under the general disability provisions.

The contentions here advanced by appellant we consider as having been laid to rest in the case of Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000, 1004, decided by this Court in 1945. In that case the same argument was made as is advanced by appellant here and this Court stated:

"* * * The basic error in defendants' argument under this point is that it fails to distinguish between the actual physical injury directly suffered by the particular member and the general bodily disability resulting therefrom.

"* * * Defendants misappraise our holding in the Gonzales case. There claimant's arm had been severed and there was no showing, as here, of such general impairment to the rest of the body by reason of the particular injury, except as to some over-all impairment of performance such as

would naturally follow in any case from the loss of such a member. We there recognized the difference and distinguished the circumstances from that shown in the case of Mathews v. New Mexico Light & Power Co., 46 N.M. 118, 122 P.2d 410, where there was impairment to the claimant's whole body as the result of the injury to his leg, and where he was held to be entitled to compensation for total and permanent disability."

and then concluded as follows:

"As we appraise the Mathews and Gonzales cases it is this: Where the injury is confined to a scheduled member and there is no impairment of any other part of the body because of such injury, compensation is limited to that provided by the statute; this is true even though other considerations such as age, lack of training, or other conditions peculiar to the individual make a case where the injury to the member may result, in the particular case, to some, if not total and permanent, disability."

Here, the injury including the pain from the cold is confined to the hand, with the remainder of the body being unaffected. Accordingly, as stated in Gonzales v. Pecos Valley Packing Co., supra, and reaffirmed in Lipe v. Bradbury, supra, compensation

is limited to that provided for injury to the hand, even though age, lack of training for other work, "or other conditions peculiar" to appellant has resulted in reduced ability in him to perform his duties with a resultant reduction of earnings.

The rule as announced by this Court is in accord with the reasoning and discussion in Larson on Workmen's Compensation Law, § 58.20. See also note in 156 A.L.R. 1344. In the light of our own decisions on the point in issue, cases from other jurisdictions are not helpful.

Appellant would avoid the result indicated above by pointing out that the question was one for the jury, and argues that since it was properly submitted, and the jury found 30% disability to the entire body, this finding must be "sustained and upheld, unless it can be said, that such finding was not supported by any substantial evidence and was incorrect as a matter of law."

In our view of the rule of Gonzales v. Pecos Valley Packing Co., supra, as set forth above, there was no substantial evidence which authorized submitting to the jury the question of disability to the body as a whole, and accordingly the finding by it in this regard cannot be upheld. This is true under the rule as set down in Sanchez v. Gomez, 57 N.M. 383, 259 P.2d 346. We also consider our conclusions to be in

accord with what was said in Reck v. Robert E. McKee General Contractors, 59 N.M. 492, 287 P.2d 61. There is nothing to the contrary in Hamilton v. Doty, 65 N.M. 270, 335 P.2d 1067, the last pronouncement by this Court on the general subject.

■ This leaves only the question of whether or not the court erred in denying appellant recovery of attorney fees. Under § 59–10–23, N.M.S.A.1953, as amended by Ch. 274, N.M.S.L.1955, it was provided that "where compensation to which any person shall be entitled * * * shall be refused and the claimant shall thereafter collect compensation through court proceedings in an amount in excess of the amount tendered by the employer prior to the court proceedings then the compensation to be paid the attorney for the claimant shall be fixed by the court trying the same. * * *"

Appellant admits that this means that the court shall not allow an attorney fee unless the recovery in court "exceeds the amount tendered by the employer prior to court proceedings." He argues however, that the tender of payment must be unqualified and unconditional, and that in the instant case the only "tender" made was a qualified one based upon an offer to compromise and settle appellant's claim for a given amount, upon condition appellant would drop and abandon his claim for additional amounts. Appellant asserts that

in order to have the benefit of the statute and not be responsible for attorney fees, it was incumbent on appellee to pay or tender the money "with no strings attached."

In this we do not agree with appellant. The employer had offered him $1,050 being everything to which he was legally entitled as subsequently determined in court. That the employer wanted a release from any other or greater claims before paying the amount is not unreasonable. If appellant, upon advice of counsel wanted to assert additional claims, it certainly is not asking too much to have him and his attorney assume the risk so far as payment of attorney fees is concerned. That this is what was contemplated by the statute quoted above is clear. Appellee offered the exact amount for which judgment was subsequently entered, properly as we here conclude, and therefore the court had no power under the statute to grant attorney fees. If the tender had been for a lesser amount than subsequently recovered the rule would be otherwise.

Finding no error, the judgment appealed from is affirmed, and

It is so ordered.

McGHEE, COMPTON and CARMODY, JJ., concur.

LUJAN, C. J., not participating.