360 P.2d 380

Olan WEBB, Claimant, Plaintiff-Appellant,

v.

FORREST CURRELL LUMBER CO., Inc., Employer, and Equitable Fire and Marine Insurance Co., Insurer, Defendants-Appellees.

No. 6741.

Supreme Court of New Mexico.

March 14, 1961.

Emmett C. Hart, Tucumcari, for appellant.

Gore & Nieves, Clovis, for appellees.

MOISE, Justice.

Appellant was injured in the course of his employment in a lumber yard when struck in the left eye by a block of wood from a stake which appellant was cutting on a motor driven saw. The blow caused a clot of blood to form in the eye which was removed surgically. In connection with the operation the surgeon removed a small part of the iris, leaving the same in the form of a keyhole instead of circular. A cataract has also formed on the eye.

Appellant's right eye was not affected by the injury. The court found that appellant had suffered 36.2% loss of vision in the left eye, and that there was no disability or impairment of the right eye or to appellant's body as a whole, and entered judgment for 36.2% of the amount provided by § 59–10–18, N.M.S.A.1953, for total blindness of one eye, this injury having occurred prior to the effective date of Chapter 67, N.M.S.L.1959. Jurisdiction of the cause was retained so that an additional award for medical expenses might be made in view of the possibility that the cataract might require surgery in the future.

Appellant attacks certain findings made by the court as not supported by the evi-

dence, and complains of the court's refusal to adopt other findings requested by him stating that the evidence supporting his request is not contradicted.

It is appellant's position that in addition to the loss of vision in the left eye the evidence is uncontradicted that visual acuity of the left eye is abnormal, he suffers frequent frontal headaches, the iris of the eye does not expand and contract, resulting in glare and dazzle from light, that he has lost binocular visual efficiency of 20%, and there has been a loss of accommodation of the left eye, all of which it is argued results in general bodily disability. Thus it is evident that his effort is to bring the case within the rule announced by this court in Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000, following Mathews v. New Mexico Light & Power Co., 46 N.M. 118, 122 P.2d 410, and Gonzales v. Pecos Valley Packing Co., 48 N.M. 185, 146 P.2d 1017, as follows:

"Where the injury is confined to a scheduled member and there is no impairment of any other part of the body because of such injury, compensation is limited to that provided by the statute; * * * But, where general bodily impairment and disability is shown, * * * then compensation is allowable for such total and permanent disability notwithstanding the cause of the disability may be traced to a particular injury of a specific

member for the loss (or loss of use) of which scheduled compensation is provided." [49 N.M. 4, 154 P.2d 1004.]

We have recently reviewed these cases in Lee v. United States Fidelity & Guaranty Co., 66 N.M. 351, 348 P.2d 271, where we affirmed a lower court decision limiting recovery to damages to the injured member, and in Hamilton v. Doty, 65 N.M. 270, 335 P.2d 1067, where we upheld a jury finding of general bodily impairment resulting from an injury to a knee. By these cases the applicable law is well settled.

■ The court found that there was no loss or impairment to the right eye or to any other part of appellant's body. If these findings are supported by substantial evidence the lower court should be affirmed. Reck v. Robert E. McKee General Contractors, Inc., 59 N.M. 492, 287 P.2d 61.

Appellant complains of headaches. However, the surgeon who operated testified that any headaches he suffered should be of a temporary nature and one of the other examining doctors testified that appellant had not complained to him of headaches. In the circumstances, and in the light of all the evidence it is apparent that the trial court did not believe that the injury to the eye was causing disabling headaches, and we certainly cannot conclude that he erred in this. Also under the applicable rules as hereinafter explained it is clear that the headaches, if they were present, would be

no sufficient basis for an additional award under the proof submitted.

The most troublesome problem arises out of the argument advanced by appellant concerning loss of binocular efficiency. Dr. Wood, a qualified ophthalmologist who testified for appellant stated that with a decrease in efficiency of the left eye, there would be a loss of binocular visual efficiency which he estimated at 20%.

Although he did not define "binocular vision" it is clear from his testimony that he meant nothing more than that a loss of sight of a given percent in one eye could be translated, by the use of a formula that he explained, into a percentage figure representing loss of vision of both eyes or, as stated by him, of "loss of visual efficiency" of both eyes. It does not appear from his use of the term he was referring to an inability of the two eyes to operate so that the images formed by each eye overlap in the brain and are perceived as a single object. When binocular vision in this sense is absent, double vision results. There is no claim here that appellant has any such difficulty. We do not understand from this testimony of Dr. Wood that this loss of binocular efficiency is in addition to 35% loss of vision in the left eye, as found by him. Likewise, there is no evidence from any of the doctors or otherwise bearing on the question of disability of the body as a whole except as this 20% loss of efficiency of binocular vision may affect the same.

True, appellant testified that he found it difficult to perform the duties of the various jobs he had held since the accident, but on the other hand it does not appear that he had any trouble in obtaining employment, or that he had been discharged from any work he had undertaken. At the same time, the medical testimony supported a conclusion that he should have no difficulty because of the injury in doing his usual type of work. Under the circumstances we cannot state that the court erred in finding the appellant suffered no disability in addition to the injury to the left eye.

We are faced with determining if this injury to the left eye resulting in loss of binocular efficiency is in the nature of a general bodily disability requiring an award in addition to that allowed for injury to the left eye itself.

Mathews v. New Mexico Light & Power Co., supra, [46 N.M. 118, 122 P.2d 414] is a case where claimant injured a leg so it could not be used and because of infection and general disability resulting therefrom he was totally incapacitated. The court held he was not limited by the statute to the amount allowed for loss of, or loss of use of the leg, stating:

"The fact that the disability arose through injury to a leg and loss of the use thereof, and even under circumstances which would suggest the wisdom of amputation, would not of it-

self limit liability to the scheduled 120 weeks, if, growing out of such injury and due to diseased and infected tissue and bone, general disability followed and the employee thus became totally and permanently disabled from performing any work for which he was fitted."

In this language is found the basis for the granting of additional compensation although only a scheduled member was directly injured. The facts of the present case do not come within the rule as quoted above.

Possibly more in point with the facts here present is the following language quoted from Gonzales v. Pecos Valley Packing Co., supra, [48 N.M. 185, 146 P.2d 1022] where we said:

"Plaintiff's right arm and hand were not detrimentally affected by the accident except by the lack of the complemental use of the left arm and hand to coordinate with the right in the performance of physical functions. But the legislature, knowing that two arms are better than one in the performance of many tasks, provided what the compensation for the loss of one arm alone in an industrial accident shall be. We cannot enlarge it."

That was a case where claimant lost his left arm between the elbow and wrist, but because he had a preexisting disability to the right arm claimed to be entitled to greater compensation.

We could paraphrase the quotation above as follows:

"Plaintiff's right eye was not detrimentally affected by the accident except by the effect on the complemental use of the left eye to coordinate with the right in the performance of the act of seeing. But the legislature, knowing that two eyes are better than one in the performance of the act of seeing, provided what the compensation for total blindness of one eye caused by an industrial accident shall be. We cannot enlarge it."

Where the disability is not total blindness in one eye, but only partial loss of vision, § 59–10–18(a), N.M.S.A.1953, requires that the compensation shall be measured by the extent of the disability. This the court did when he awarded appellant 36.2% of the compensation provided for total blindness of one eye.

To our minds the error in appellant's position is thus made clear. Only the left eye was injured, and even though there may have been some adverse effect on binocular efficiency, there is substantial evidence supporting the court's conclusion that no disability resulted therefrom to the right eye or to the body as a whole. For cases from other jurisdictions see Carlson v. Condon-Kiewit Co., 135 Neb. 587, 283 N.W.

220; Douglas Aircraft Co., Inc. v. Hartwig, Okl.1956, 302 P.2d 972; Gigleo v. Dorfman & Kimiavsky, 106 Conn. 401, 138 A. 448.

What we have said concerning binocular vision efficiency is also true of the other defects resulting from the injury, such as loss of acuity, loss of accommodation and resulting discomfort from dazzle and glare of lights, etc.

There being no error, the judgment appealed from is affirmed.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.

CARMODY and CHAVEZ, JJ., not participating.