371 P.2d 605

Jimmy B. GONZALES, Plaintiff-Appellant,

v.

GACKLE DRILLING COMPANY, Inc., a corporation, Employer, and United States Fidelity and Guaranty Company, Insurer, Defendants-Appellees.

No. 6984.

Supreme Court of New Mexico.

May 18, 1962.

132

Williams, Johnson & Houston, Hobbs, for appellant.

Hanners & Norton, Barton L. Ingraham, Lovington, for appellees.

NOBLE, Justice.

This is an appeal from an order dismissing a claim for total permanent disability under the Workmen's Compensation law.

Claimant, Jimmy Gonzales, sustained an accidental injury arising out of and in the course of his employment as a "roughneck"

on a drilling rig operated by Gackle Drilling Company on October 31, 1957, resulting in the amputation of his left leg immediately below the hip. He was paid and received full compensation benefits until June 12, 1958 when he was advised by the insurance carrier that future payments would be limited to those for loss of the scheduled member. His claim for total permanent disability, filed January 5, 1959, was dismissed as prematurely filed on the ground that he was then receiving maximum compensation payments. On appeal, Gonzales v. Gackle Drilling Co., 67 N.M. 130, 353 P.2d 353, the judgment of dismissal was reversed solely upon the ground that the claim was not prematurely filed.

A jury was demanded and on July 22, 1960 claimant filed a motion seeking permission to file a tendered amended claim. The tendered amendment was denied on the ground that it stated a new claim upon different injuries and was barred by the limitation of the Workmen's Compensation law.

Defendants thereafter moved to dismiss the compensation claim for the reasons (1) that claimant was being paid maximum compensation for loss of the scheduled member; (2) that by the original claim the injury was described as loss of the leg, without describing or alleging impairment of any other portion of the body; (3) that loss of the scheduled member only being alleged no issue remained to be litigated;

and, (4) since compensation is being paid for loss of the scheduled member the claim fails to state one upon which relief can be granted.

Two hearings were had upon the motion to dismiss. At the first hearing on September 17, 1960, the motion to dismiss was denied. At the request of the court depositions of claimant and of his medical expert were taken and tendered at a second hearing held September 26, 1960. After considering the depositions and a medical report, the motion to dismiss was sustained and the compensation claim dismissed with prejudice. This appeal is from the order of dismissal. The order of dismissal reads:

"This cause came on to be heard on September 17, 1960, upon the defendants' motion to dismiss, and thereafter the testimony of the plaintiff and the testimony of Dr. H. W. Gillett, a medical witness in his behalf, were taken by depositions, and this cause again came on to be heard on September 26, 1960, upon the plaintiff's tender of said depositions and upon the defendants' objections thereto and upon the defendants' renewal of their motion to dismiss, the parties appearing by their respective attorneys of record;

"And it appeared to the Court that such depositions, together with a certain medical report from Dr. W. E. Badger which was tendered in con-

nection therewith, failed to disclose a claim upon which relief could be granted, and the objections thereto were sustained;

"And it further appeared to the Court that such motion to dismiss was well taken and that the same should be sustained.

"IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' motion to dismiss be and the same is sustained, and the plaintiff's claim for compensation be and the same hereby is dismissed with prejudice."

It is clear to us that the compensation claim was dismissed on the ground that the pleadings, depositions and exhibits failed to present an issue of material fact. It is not entirely clear whether it was also dismissed for failure to state a claim upon which relief could be granted. Both questions are argued by the parties.

Our first inquiry will be directed to whether the claim for compensation stated grounds for relief. The gist of the claim, after alleging an accidental injury sustained on or about October 31, 1957, in the course of his employment as a "roughneck" on defendants' drilling rig, was that claimant's left leg was severed immediately below the hip. It further alleged:

"* * * As a result of this accident and injury, claimant suffered total and permanent disability inasmuch as he has always been engaged in hard manual labor and this injury totally prevents his performing work for which he is qualified."

Defendants strongly urge that the claim alleges only the loss of the leg and fails to allege injuries to any other part of the body or general bodily impairment; and, therefore, fails to state a claim under the residuary clause of the Workmen's Compensation law, or a claim for more than the loss of a scheduled member. They assert that in the absence of allegations of specific injury to other parts of the body or of general bodily impairment, recovery is limited to the statutory compensation for loss of the scheduled member, even though the injury is such as to prevent the claimant from obtaining or retaining any gainful employment. Reliance is placed upon our decisions in Lee v. United States Fidelity & Guaranty Co., 66 N.M. 351, 348 P.2d 271, and Gonzales v. Pecos Valley Packing Co., 48 N.M. 185, 146 P.2d 1017. Neither decision is controlling on the precise point involved in the instant case.

Each of those cases was tried to a jury. It was said that there the injuries were confined to the scheduled member with no injury to any other part of the body nor was there any general bodily impairment except such impairment as resulted from loss of the scheduled member with resultant reduction of earnings.

■ In the instant case, our concern is not whether the evidence discloses a general bodily impairment, but rather whether the compensation claim so alleges. A motion to dismiss a complaint is properly granted only when it appears that under no state of facts provable under the claim could plaintiff recover or be entitled to relief. Ritter v. Albuquerque Gas & Electric Co., 47 N.M. 329, 142 P.2d 919, 153 A.L.R. 273; Adams v. Cox, 52 N.M. 56, 191 P.2d 352; Chavez v. Sedillo, 59 N.M. 357, 284 P.2d 1026; Jernigan v. New Amsterdam Cas. Co., 69 N.M. 336, 367 P.2d 519.

■ Claims for workmen's compensation are to be liberally construed and technical precision in pleading is not generally required. Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000. The statute in force when this claim was filed, § 59–10–13, N.M.S.A. 1953, provides so far as material:

"* * * Such claim shall be informal in character and shall set forth sufficient facts for the determination of the same, and if defective in any particular may be corrected by the court or by the claimant at any time before being heard."

The statute provides a simple form for compensation claims which is so worded that the claim may be filled out on a form furnished by the clerk by the workman without the aid of technical legal advice. In fact, the statute expressly provides that the clerk shall fill out such form for the workman at his request.

This court, in Lipe v. Bradbury, supra, appraised the cases of Mathews v. New Mexico Light & Power Co., 46 N.M. 118, 122 P.2d 410 and Gonzales v. Pecos Valley Packing Co., supra, saying:

"* * * Where the injury is confined to a scheduled member and there is no impairment of any other part of the body because of such injury, compensation is limited to that provided by the statute; this is true even though other considerations such as age, lack of training, or other conditions peculiar to the individual make a case where the injury to the member may result, in the particular case, to some, if not total and permanent, disability. But, where general bodily impairment and disability is shown, as here, then compensation is allowable for such total and permanent disability notwithstanding the cause of the disability may be traced to a particular injury of a specific member for the loss (or loss of use) of which scheduled compensation is provided. * * *"

In Lipe it was said that evidence of an impairment and disability which would make claimant unable to perform substantially any manual labor, i. e., for all practical purposes, disabled from competing for remunerative employment in any gen-

eral field of endeavor in which he could engage, was sufficiently substantial to support a verdict of total permanent disability. This was so even though the sole injury was to a scheduled member, if that injury, in addition, resulted in general bodily impairment.

■ As we view the compensation claim filed in this case, the claimant sufficiently stated therein a general description of the injuries sustained and the extent of disability. Statement of the injury, together with the further statement that by reason thereof he was totally unable to perform any work in any general field of endeavor in which he could engage, and that his disability was total and permanent, we think, was a sufficient allegation of general bodily impairment resulting from the described injury. As in Lipe, we think in the instant case:

> " * * * The basic error in defendants' argument under this point is that it fails to distinguish between the actual physical injury directly suffered by the particular member and the general bodily disability resulting therefrom."

It follows that it was error to dismiss the compensation claim for failure to state a claim upon which relief could be granted.

■ After the first hearing on the motion to dismiss the compensation claim, at the request of the court, depositions of claimant and his medical expert were taken and considered by the court at the second hearing. When matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss is treated as one for summary judgment. Rules of Civil Procedure, 12(b). While it was settled by Armijo v. United States Cas. Co., 67 N.M. 470, 357 P.2d 57, that a workmen's compensation claim filed prior to the effective date of Chapter 67, Laws 1959, may not be disposed of on summary judgment, no objection was made on that ground in the trial court nor is it urged on appeal.

■ Claimant does urge, however, that the depositions and exhibits offered and considered by the trial court do present issues of fact for determination by a jury and that it was error to dismiss the claim for failure to present an issuable fact. The effect of consideration of the depositions and exhibits in connection with the motion to dismiss was to dispose of the issues on summary judgment. "A motion for summary judgment should not be granted when there is a genuine issue of material fact and it is not a substitute for a trial." Sooner Pipe & Supply Corp. v. Doerrie, 69 N.M. 78, 364 P.2d 138; Michelson v. House, 54 N.M. 197, 218 P.2d 861; McLain v. Haley, 53 N.M. 327, 207 P.2d 1013; Agnew v. Libby, 53 N.M. 56, 201 P.2d 775. Nor should either the trial court or the appellate court weigh the evidence in determining whether summary judgment should be granted. The pleadings, deposi-

tions and other matters presented and considered by the court, must be viewed in the most favorable aspect they will bear in support of the right to a trial of the issues. Sooner Pipe & Supply Corp. v. Doerrie, supra; Ginn v. MacAluso, 62 N.M. 375, 310 P.2d 1034.

Defendants contend that they are entitled to summary judgment as a matter of law upon the deposition of the medical expert, in which he testified that as a result of the severance of the leg, the claimant suffered no other organic bodily impairment but did suffer a psychic trauma greater than the average person under the circumstances, and this, as a matter of law, is not compensable under the residuary clause of the Workmen's Compensation Act. We cannot agree. There is testimony of the medical expert that such psychic trauma was directly traceable to the severance of the scheduled member and rendered claimant totally unable to perform any gainful employment. This presents an issuable fact as to whether there was general bodily impairment, other than that naturally flowing from the loss of the scheduled member. Defendant seems to argue that traumatic neurosis or psychic trauma resulting from injury to a member is not compensable. Larson, Workmen's Compensation Law, Vol. 1, § 42.22, has this to say:

"* * * when there has been a physical accident or trauma, and claim-

ant's disability is increased or prolonged by traumatic neurosis or hysterical paralysis, it is now uniformly held that the full disability including the effects of the neurosis is compensable." Morris v. Garden City Co., 144 Kan. 790, 62 P.2d 920; Bramble v. Shields, 146 Md. 494, 127 A. 44; Smith v. Essex County Park Comm., 190 A. 45, 15 N.J.Misc. 227; Wareham v. U. S. Rubber Co., 73 R.I. 207, 54 A.2d 372, and:

"* * * Those denying compensation will usually be found to have done so not on the theory that traumatic neurosis is not compensable as such, but on the ground that the evidence failed to establish a causal connection between the injury and the neurosis."

Such traumatic neurosis is similar to pain extending to other parts of the body directly traceable to an injury to a scheduled member. We have held that under such circumstances compensation may be awarded not limited to that provided by statute for injury to or loss of a scheduled member. Lipe v. Bradbury, supra; Mathews v. New Mexico Light & Power Co., supra; Reck v. Robert E. McKee General Contractors, 59 N.M. 492, 287 P.2d 61; Hamilton v. Doty, 65 N.M. 270, 335 P.2d 1067. From an examination of the depositions and exhibits, we feel compelled to hold that there may be issues of fact to be re-

solved and summary judgment should not have been granted.

Other questions argued have either been disposed of by what we have said, found to be without merit, or are unnecessary to determine.

The order appealed from will be reversed with instructions to reinstate the cause on the docket and proceed thereafter in a manner not inconsistent herewith. IT IS SO ORDERED.

CHAVEZ and MOISE, JJ., concur.

COMPTON, C. J., and CARMODY, J., not participating.