379 P.2d 69

**William HAMILTON, Claimant, Plaintiff-Appellee,**

**v.**

**Harold T. DOTY, d/b/a Doty Drilling Company, Employer, and American Surety Company of New York, Insurer, Defendants-Appellants.**

No. 6935.

Supreme Court of New Mexico.

May 22, 1962.

Rehearing Denied March 11, 1963.

Modrall, Seymour, Sperling, Roehl & Harris, Frank H. Allen, Jr., Albuquerque, for appellants.

Bingham & Klecan, Albuquerque, for appellee.

NOBLE, Justice.

Appellants appeal from a judgment awarding claimant compensation for total permanent disability entered pursuant to a jury verdict.

On November 19, 1958, the claimant Hamilton, while working in the scope of his employment sustained an accidental injury resulting in the dislocation of a shoulder; limitation in the use of the arm; an inability to use his shoulder in carrying articles and in pushing water well drilling equipment; loss of sleep; and, pain in the shoulder, neck and back.

It is appellants' position that the undisputed evidence shows only an injury to the arm, at or near the shoulder, and that the Workmen's Compensation law limits a compensation award to loss, partial or total, of the scheduled member. They contend that there is no substantial evidence of general bodily impairment and assert as error the submission to the jury of the question of general bodily impairment and disability.

Compensation is limited to that provided by statute for an injury to a scheduled member where the impairment or disability is confined to the member. Lee v. United States Fidelity & Guaranty Co., 66 N.M. 351, 348 P.2d 271; but where impairment and disability extend to non-scheduled parts of the body, other than that naturally following in any case from mere inefficiency by reason of the loss of a member, then compensation is allowable for such bodily disability notwithstanding the cause thereof may be traced to a particular injury of a scheduled member. Mathews v. New Mexico Light & Power Co., 46 N.M. 118,

122 P.2d 410; Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000.

There is testimony that the injury was to the shoulder and not limited to the arm. The medical testimony was conflicting, but there is medical testimony of a secondary injury to the trapezius muscle which attaches from the base of the neck down to the shoulder blade and thence to the lower rib cage on the spine, and other muscles apart from those in the arm. There was testimony that claimant suffered pain commencing in the shoulder joint and spreading around into the neck and to the spine. This pain is also suffered at night causing a loss of sleep.

Appellants rely on Gonzales v. Pecos Valley Packing Co., 48 N.M. 185, 146 P.2d 1017, which they contend is controlling and requires a reversal. That case is distinguishable upon its facts. It was said in Gonzales that the proof of disability was limited to the arm, a scheduled member. In this case, the evidence is substantial to support the finding of the jury, implicit in the verdict, that the impairment and disability was not limited to the arm but extended to other parts of the body. A verdict based upon conflicting testimony will not be disturbed on appeal if supported by substantial evidence. Viramontes v. Fox, 65 N.M. 275, 335 P.2d 1071; Greene v. Esquibel, 58 N.M. 429, 272 P.2d 330. The weight of the evidence is not considered on appeal, but only whether there is any sub-

stantial evidence to support the verdict. Jensen v. Allen, 63 N.M. 407, 320 P.2d 1016.

A careful review of the evidence convinces us that the court did not err in submitting the question of general bodily impairment and disability to the jury. Mathews v. New Mexico Light & Power Co., supra; Lipe v. Bradbury, supra; Reck v. Robert E. McKee General Contractors, 59 N.M. 492, 287 P.2d 61; Hamilton v. Doty, 65 N.M. 270, 335 P.2d 1067.

■ The refusal to give an instruction requested by appellants, which would have charged that the jury was to first determine whether the injury was limited to a scheduled member and that in so determining the jury should not consider whether the injury affected claimant's ability to work, is urged as error. It is well established in this jurisdiction that instructions are to be considered as a whole, and when so considered, if they fairly present the law of the case, they are sufficient. Viramontes v. Fox, supra; Blewett v. Barnes, 62 N.M. 300, 309 P.2d 976; Irwin v. Graham, 62 N.M. 72, 304 P.2d 875. By other instructions given, the jury was correctly charged that if claimant's injury was confined to a scheduled member, such as an arm, and there was no impairment of any other part of the body, compensation is limited to that provided by the Workmen's Compensation law for such injury to the scheduled member. The jury was likewise instructed as to what constituted an injury to a scheduled member.

■■ The complaint in this respect is directed to the refusal to instruct on matters the jury should not consider in determining that issue. Where instructions inform the jury what they may consider in determining an issue, it is generally unnecessary to also instruct on what they may not consider. Seay v. Lea County Sand & Gravel Co., 60 N.M. 399, 292 P.2d 93. The instructions given have been carefully considered as a whole, and we think adequately charged the jury on the law applicable to the facts. A refusal to give requested instructions on matters adequately covered by other instructions given is not error. Saavedra v. City of Albuquerque, 65 N.M. 379, 338 P.2d 110; Davis v. Jones, 60 N.M. 470, 292 P.2d 773; Young v. New Mexico Broadcasting Co., 60 N.M. 475, 292 P.2d 776.

Finally, appellants urge that it was error to submit the question of total permanent disability to the jury because the evidence conclusively established that claimant had previously been awarded compensation for total permanent disability arising out of another and different injury suffered by him while working for the same defendant-employer, and while performing the same type of work, and call our attention to Hamilton v. Doty, supra. They argue that claimant, having been totally and permanently disabled by the first injury, cannot thereafter receive a second award for total and permanent disability while drawing compensa-

tion even though the second injury arises out of a subsequent and different injury. Appellee answers that the question was not preserved below.

The contention that claimant was receiving maximum compensation at the time of this injury was called to the trial court's attention by a motion for summary judgment prior to trial on the merits and by appellants' motion for a directed verdict on the issue of total permanent disability made at the conclusion of all the testimony. The motion for summary judgment was properly denied as not being available in a workmen's compensation case filed prior to the effective date of Chapter 67, Laws of 1959. Armijo v. United States Cas. Co., 67 N.M. 470, 357 P.2d 57. The testimony adduced by depositions attached to the motion for summary judgment was not offered in the trial on the merits.

This appeal does not present the question of whether an employee may be awarded total recovery for two separate accidental injuries exceeding the maximum provided by statute for total disability, but rather whether there is evidence from which the court must have determined as a matter of law that the claimant was receiving compensation payments at the time of this trial, for a prior compensable injury.

We then examine the evidence on the question of whether there was undisputed proof that claimant was receiving compensation at the time of this trial. Appellants make reference to the transcript for the testimony which they assert supports this contention. Examining the testimony there appearing, we find that part of claimant's testimony to be:

"Q. What happened in this workmen's comp case that you filed because of your knee injury, were you given an award by the court?

"A. Yes, I was given an award.

"Q. Was that total and permanent?

"A. It was for a while, yes.

"Q. And then you went back to oil or water well drilling again?

"A. Yes.

"Q. After you had had that award?

"A. Yes.

\* \* \* \* \* \*

"Q. And you came back to work and started doing drilling work again?

"A. Yes.

"Q. And at that time you were receiving compensation that you were awarded by the court that we just talked about?

"A. Yes."

Appellants ask us to take judicial notice that an award for total permanent disability for the first injury was affirmed by this court approximately one month after the second injury occurred. Hamilton v. Doty,

supra. Neither our affirmance of the award in the first case nor any testimony pointed out to us establishes the fact that claimant was receiving compensation from the first award at the time of the trial in this case. Appellants overlook the fact that such an award under the New Mexico Workmen's Compensation law, with the exception of certain amputations, is always subject to diminution or termination due to a change in disability. The claimant testified that the award of compensation for the first injury was for permanent and total disability for a while.

We said in Stranczek v. Burch, 67 N.M. 237, 354 P.2d 531:

"On a motion to direct a verdict on any issue in a case, or to remove it from consideration of the jury, the evidence must be viewed in the light most favorable to plaintiff and all inferences reasonably to be drawn therefrom are to be indulged in favor of plaintiff. If reasonable minds may differ it is a proper question to be submitted to the jury, otherwise it should be withdrawn."

■ Viewing the evidence in that light and applying this rule, we think the trial court correctly submitted the issue to the jury.

No testimony has been pointed out to us from which the court should have ruled as a matter of law that claimant was receiving compensation from a prior award at the time of this trial.

The question as to whether a claimant under workmen's compensation may recover an award for total permanent disability while receiving compensation for a prior injury has not been determined by this court and we express no opinion concerning that question. What we have said is that we find no evidence in the record here from which the trial court should have concluded as a matter of law that the claimant was receiving any compensation from a prior injury at the time of this trial.

Appellants had the burden of showing, by direct evidence in the record before the jury, that appellee was receiving total permanent compensation for the prior injury, and they failed so to do. The deposition was not in evidence at the trial, and the testimony relied upon by appellee and above referred to was not sufficient to raise the question.

Finding no error, the judgment appealed from will be affirmed and the claimant will be awarded $750.00 for his attorneys fees on this appeal.

IT IS SO ORDERED.

COMPTON, C. J., and CARMODY, J., concur.

CHAVEZ and MOISE, JJ., not participating.