393 P.2d 11

**RICHARDSON FORD SALES,**
**Plaintiff-Appellant,**

v.

**Clara D. CUMMINS, Defendant-Appellee.**

No. 7416.

Supreme Court of New Mexico.

June 8, 1964.

White, Rhodes & McCallister, Albuquerque, for appellant.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Mary C. Walters, Albuquerque, for appellee.

NOBLE, Justice.

Appellant (plaintiff) seeks to subject former community property awarded to the wife in a divorce action to the payment of a community debt. He has appealed from an order determining that by reason of the divorce judgment the property became her separate estate and is, therefore, not liable for the debt.

We are urged to determine that a creditor of the former community may follow the property into the wife's hands after divorce, and subject it to payment of such debt. Unfortunately, however, because of a deficient record, we cannot reach that question.

Even though appellant argues that the case is before this court upon appeal from an order of dismissal for failure to state a cause of action, the record discloses that the order was in fact a summary judgment. The order recites that the court considered the proceedings in a divorce action between defendant and her former husband, and in a case identified only by number in a small claims court.

■ Where matters beyond the pleadings are considered on a motion to dismiss, it will be treated as a motion for summary judgment. Rule of Civil Procedure 12(c) (§ 21–1–1(12) (c), N.M.S.A.1953); Gon-zales v. Gackle Drilling Co., 70 N.M. 131, 371 P.2d 605; Sardo v. McGrath, 90 U.S. App.D.C. 195, 196 F.2d 20; McMillen v. Douglas Aircraft Co. (S.D.Cal.) 90 F.Supp. 670.

■■ The facts necessary to present a question for review by an appellate court are established only through a transcript of the record, certified by the clerk of the trial court. Supreme Court Rule 14(1) (§ 21–2–1(14) (1), N.M.S.A.1953). Any fact not so established is not before the Supreme Court on appeal, State v. Edwards, 54 N.M. 189, 217 P.2d 854; see, also, Southwest Motel Brokers, Inc. v. Alamo Hotels, Inc., 72 N.M. 227, 382 P.2d 707; Hamilton v. Doty, 71 N.M. 422, 379 P.2d 69; nor will we take judicial notice of proceedings in a lower court. Scheufler v. Continental Life Ins. Co., 350 Mo. 886, 169 S.W.2d 359, 365; People v. Dritz, 259 App.Div. 210, 18 N.Y.S. 2d 455, 459. We cannot be expected to originally search the records of the various lower courts.

■ We, therefore, do not have before us the proceedings of either of the two cases which apparently formed the basis of the trial court's disposition of this case by summary judgment. Absent the record of those facts, no question is presented to this court for review. State v. Edwards, supra; Porter v. Robert Porter & Sons, Inc., 68 N.M. 97, 359 P.2d 134.

It is true that there is attached to the transcript, after the clerk's certificate, what purports to be a copy of the complaint and judgment in the Cummins' divorce action, said to have been attached "by the request of the appellant." There is neither anything to show that they were offered as exhibits in this case nor are they now brought here as a part of the bill of exceptions, as required by the rule. Therefore, we cannot consider those pleadings. Miller v. Smith, 59 N.M. 235, 282 P.2d 715.

Notwithstanding the failure of the parties to question the deficient record, absence of the necessary matters referred to constitutes a lack of facts essential to present the very question upon which a review is sought. Porter v. Robert Porter & Sons, Inc., supra; Baca v. Catron, 24 N.M. 242, 249, 173 P. 862 (1917). Furthermore, since there is nothing before us to indicate whether the proceedings of the cases from other courts were actually offered or received in evidence, we do not order diminution of the record, nor has it been suggested by the parties.

It follows that the order appealed from must be affirmed.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.